UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
**TRENDELL WALKER**,                                                :
                                                                    :
                Plaintiff,                               :   **MEMORANDUM DECISION**
                                                                    :   **AND ORDER**
                                                                    :
      – against –                                             :   22-CV-3864 (AMD) (ST)
                                                                    :
**UNITED STATES OF AMERICA, CHRISTOPHER**                           :
**CAFFARONE, MARK E. MISOREK, MADELINE**                            :
**M. O'CONNOR, RAUL MERCADO, JR.,**                                 :
**DOUGLAS PALMER, JR., RANDI L. CHAVIS,**                           :
**TERRENCE BUCKLEY, ELIZABETH**                                     :
**MACEDONIO, ILANA HARAMATI, DWAYNE**                               :
**COX, JOANNA SEYBERT, RICHARD P.**                                 :
**DONOGHUE, STEVEN I. LOCKE, JOSEPH W.**                            :
**RYAN, BRIDGET M. RHODE, ROBERT CAPERS**,                          :
and **MARK LESKO**,                                                 :
                                                                    :
                Defendants.                              :
------------------------------------------------------------------- X
                                                                    :
**TRENDELL WALKER**,                                                :
                                                                    :
                Plaintiff,                               :
                                                                    :
                                                                    :   22-CV-7208 (AMD) (ST)
      – against –                                             :
                                                                    :
**UNITED STATES OF AMERICA, BREON PEACE,**                          :
**JAMES H. KNAPP, CHRISTOPHER C.**                                  :
**CAFFARONE, MARK LESKO, MARK E.**                                  :
**MISOREK, MADELINE M. O'CONNOR, RAUL**                             :
**MERCADO, JR., DOUGLAS C. PALMER, RANDI L.**                       :
**CHAVIS, TERRENCE BUCKLEY, DWAYNE COX,**                           :
**JOANNA SEYBERT, RICHARD P. DONOGHUE,**                            :
**STEVEN I. LOCKE, JOSEPH RYAN, JOSEPH**                            :
**FERRANTE, BRIDGET M. RHODE, ROBERT L.**                           :
**CAPERS, ELIZABETH MACEDONIO, ILANA**                              :
**HARAMATI**, and **JOAN M. AZRACK**,                               :
                                                                    :
                Defendants.                              :
------------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On September 10, 2021, the *pro se* plaintiff filed a complaint in the New York Supreme Court, Suffolk County, alleging claims in connection with his federal criminal case, No. 16-CR-369, which is pending before Judge Seybert in the Eastern District of New York. The plaintiff named as defendants the United States, judges on the Eastern District, former United States Attorneys, Assistant United States Attorneys, a federal task force officer from the United States Department of Homeland Security and former defense counsel.[1] (*See* No. 22-CV-3864, ECF No. 1-1.) The plaintiff alleged, among other things, that the defendants tampered with the search warrant, falsely arrested him, subjected him to unlawful imprisonment and malicious prosecution, conspired to assassinate a district court judge and committed multiple violations of U.S. antitrust, copyright and patent laws. (*Id.*) The plaintiff sought $999,000,000,000 in damages. (*Id.* at 28.) The plaintiff subsequently filed a First and then a Second Amended Complaint, alleging essentially the same claims. On June 30, 2022, the defendants removed the case to this Court. (*See* No. 22-CV-3864, ECF No. 1.)

On August 3, 2022, the plaintiff filed another complaint in the New York Supreme Court, Suffolk County, alleging the same claims. On November 28, 2022, the defendants removed that case to this Court as well. (*See* No. 22-CV-7208, ECF No. 1.) On December 8, 2022, the Court consolidated the two cases. Before the Court are the defendants' motions to dismiss the plaintiff's complaints for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). (*See* No. 22-CV-3864, ECF Nos. 11, 13; No. 22-CV-7208, ECF No. 12.) For the reasons that follow, the motions are granted.

---

[1] The plaintiff's attorneys were appointed to represent him but were relieved from acting as his counsel on November 30, 2020. (*See* No. 22-CV-3864, ECF No. 13.)

**BACKGROUND**

On June 30, 2016, a grand jury returned an eight-count indictment charging the plaintiff with conspiracy to distribute controlled substances, distribution of cocaine base and the use of firearms during a drug trafficking crime; the plaintiff was arraigned on the indictment on July 13, 2016.  (No. 16-CR-369, ECF Nos. 9, 10.)  On August 22, 2017, the government filed a superseding indictment, adding charges of assault with a dangerous weapon and discharge of a firearm during a crime of violence; the plaintiff was arraigned on the superseding indictment on September 6, 2017.  (No. 16-CR-369, ECF Nos. 22, 23.)  On November 30, 2017, the government filed a second superseding indictment, adding a murder charge; the plaintiff was arraigned on the second superseding indictment on December 12, 2017.  (No. 16-CR-369, ECF Nos. 25, 27.)  After the court denied the plaintiff's motion to suppress the results of the search, the plaintiff, represented by counsel, pled guilty to the murder charge.  (No. 16-CR-369, ECF Nos. 56, 58, 59.)

After his plea, the plaintiff, now proceeding *pro se*, filed another motion to suppress the evidence discovered during the search and to withdraw his guilty plea, which he claimed was coerced by his counsel.  The government moved to compel a waiver of the attorney-client privilege to allow the plaintiff's counsel to respond to his allegations.  (No. 16-CR-369, ECF No. 89.)  The court granted the government's motion, denied the plaintiff's motion to vacate his guilty plea and set a sentencing date.  (No. 16-CR-369, ECF No. 112.)  However, on July 19, 2023, the court found that the defendant was "not competent to proceed" and ordered the government to hospitalize him for four months "in an effort to restore his competency to proceed."  (No. 16-CR-369, ECF No. 134 at 1–2.)

**LEGAL STANDARD**

Because the plaintiff is proceeding *pro se*, I construe his complaint liberally and evaluate it by "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), to raise "the strongest arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (cleaned up).

Nevertheless, a district court must dismiss a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when it has no "statutory or constitutional power to adjudicate" the claim. *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (per curiam) (citations omitted). The plaintiff "has the burden of proving" subject matter jurisdiction by a "preponderance of the evidence." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Moreover, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8.

In deciding a motion to dismiss, a court may consider "facts alleged in the complaint and documents attached to it or incorporated in it by reference," "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference" and "facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence."

*Abiuso v. Donahoe*, No. 12-CV-1713, 2015 WL 3487130, at *3 (E.D.N.Y. June 3, 2015) (quoting *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003)).

## DISCUSSION

### I. Claims Against the United States

A plaintiff may not sue the United States or any of its agents in their official capacity unless the United States has waived its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). The United States "has not waived its sovereign immunity" with respect to constitutional tort claims. *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). Therefore, the plaintiff's claims against the United States and all of the federal officers in their official capacities are dismissed. The dismissal is with prejudice, which means that the plaintiff may not re-file claims against the United States or federal officers arising out of this incident.[2]

### II. Claims Against Judges, Former United States Attorneys and Assistant United States Attorneys

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), allows a plaintiff to hold "individual federal officers" accountable for violating certain constitutional rights. *See Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009). However, judges and prosecutors "have absolute immunity from suits premised upon actions they took within the

---

[2] The result is the same even if I interpret the plaintiff to bring his claims under the Federal Tort Claims Act ("FTCA"). The FTCA "constitutes a limited waiver of sovereign immunity by the United States and permits a tort suit against it under specified circumstances." *Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012) (citation omitted). However, before bringing a claim under the FTCA, a plaintiff must exhaust his administrative remedies, which the plaintiff has not done in this case. *McNeil v. United States*, 508 U.S. 106, 113 (1993). In any event, the United States is only liable under the FTCA "if a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Castro*, 34 F.3d at 110–11; *see also* 28 U.S.C. § 2674 (the United States is liable "to the same extent as a private individual under like circumstances"). As discussed in Parts II–III below, all of the plaintiff's claims against individual defendants must be dismissed with prejudice. Therefore, the plaintiff cannot make an FTCA claim as a matter of law.

5

scope of their" judicial and prosecutorial duties. *See Hill v. Donoghue*, 815 F. Supp. 2d 583, 586 (E.D.N.Y. 2011) (prosecutors), *aff'd*, 518 F. App'x 50 (2d Cir. 2013); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges). That is true even when "the action [the judge] took was in error, was done maliciously, or was in excess of her authority." *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990) (cleaned up). Accordingly, the plaintiff's allegations against the judges and prosecutors are dismissed with prejudice. That means that the only defendants left in this action are (1) the Homeland Security task force officer and (2) the plaintiff's former defense attorneys.

### III. Claims Against a Homeland Security Task Force Officer and the Plaintiff's Defense Counsel

The plaintiff's allegations of false arrest, false imprisonment and abuse of process are time barred, because the statute of limitations for these claims under New York law is three years from the date the plaintiff was detained. *Wallace v. Kato*, 549 U.S. 384, 397 (2007) (false arrest); *Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 F. App'x 672, 675 (2d Cir. 2009) (false arrest and imprisonment); *Steinbergin v. City of New York*, No. 21-536, 2022 WL 1231709, at *3 (2d Cir. Apr. 27, 2022) (abuse of process).[3] The statute of limitations is not tolled while the criminal proceedings are pending. *See Steinbergin*, 2022 WL 1231709, at *3 (citing *Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994)). The plaintiff was arrested on June 2, 2016, and was arraigned on the second superseding indictment on December 12, 2017. Even using that later date, the plaintiff filed his complaints in 2022, well past the statute of limitations.

The same analysis applies to the plaintiff's unlawful search claim. The applicable statute of limitations for a *Bivens* claim alleging a violation of the Fourth Amendment is three years.

---

[3] "Claims for false arrest, whether brought under § 1983, pursuant to *Bivens*, or under state law, are analyzed pursuant to the same standards as the applicable state law's false arrest tort." *Nzegwu v. Friedman*, 605 F. App'x 27, 29 (2d Cir. 2015).

6

See *Rudaj v. Treanor*, 522 F. App'x 76, 77 (2d Cir. 2013) (collecting citations). A "*Bivens* action accrues 'when the plaintiff knows or has reason to know of the harm.'" *Id.* (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). Because the search occurred in 2016, the plaintiff's claim is barred by the statute of limitations.

To state a claim for malicious prosecution, a plaintiff must allege facts showing that (1) the defendant initiated or continued a prosecution against the plaintiff; (2) the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) the defendant acted with malice; and (4) the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Because the criminal case has not been terminated in the plaintiff's favor—indeed, the plaintiff pleaded guilty to the murder count—the plaintiff cannot state a claim for malicious prosecution.

The plaintiff next argues that his former defense counsel coerced him into accepting the plea agreement. He does not cite any cases in which courts have allowed a plaintiff to sue his appointed counsel for damages under these circumstances. *Cf. United States v. Phillips*, No. 05-CR-12-01, 2007 WL 1655351, at *1 n.1 (D. Vt. June 1, 2007) (construing a similar claim "as a habeas corpus petition," because "a person who has been convicted of a crime 'cannot sue his former attorney for damages through a civil rights action in federal court'" (citation omitted)). If the plaintiff means to plead a conspiracy for false imprisonment, such a claim would not be timely, as discussed above. And to the extent the plaintiff attempts to plead some sort of state contract or tort claim, the Court declines to exercise supplemental jurisdiction. *See D'Amato v. Rattoballi*, 83 F. App'x 359, 360 (2d Cir. 2003) (affirming a district court's dismissal of a

7

plaintiff's claims against a privately retained attorney for this reason).[4]

The plaintiff makes a number of other claims, including that the defendants kidnaped him, forged a magistrate judge's signature on a warrant, conspired to assassinate a district judge, "participated in a criminal contempt," used a "Bait and switch . . . method of consumer deception," participated in an "insurrection" and violated antitrust, copyright and patent laws. (ECF No. 11-2 at 31.)  The plaintiff provides no legal or factual support whatsoever for these claims.  These allegations are dismissed as "factuall[y] frivolous[]," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and because they are "based on an indisputably meritless legal theory," *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (cleaned up).  *See also Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) ("Courts have both statutory and inherent authority to . . . dismiss frivolous suits.").

All of these claims are dismissed with prejudice.  If the criminal proceedings terminate in the plaintiff's favor, he may move to reopen the malicious prosecution claim, provided that he satisfies all other requirements for pleading that claim.[5]

### IV. Claims Regarding the Plaintiff's Confinement Conditions in the Metropolitan Detention Center

In one of the plaintiff's filings, he states that he "was stabbed 6 times in MDC Brooklyn" and that corrections officers unlawfully held him in solitary confinement for an extended period

---

[4] As discussed above, Judge Seybert has found that the plaintiff is not competent.  If Judge Seybert reverses that order and the plaintiff wishes to challenge the voluntariness of his plea, he can do so on appeal to the Second Circuit or via a habeas petition.

[5] The government alternatively argues that the plaintiff cannot plead most of these claims under *Bivens*, because the Supreme Court has cautioned that *Bivens* should not be extended past the three claims to which it has been traditionally applied: Fourth Amendment claims of unlawful search and arrest; Fifth Amendment claims of dismissal based on sex; and Eighth Amendment claims of failing to provide medical treatment.  *E.g.*, *Powell v. United States*, No. 19-CV-11351, 2020 WL 5126392, at *4 (S.D.N.Y. Aug. 31, 2020) (discussing Supreme Court precedent).  Because I dismiss the plaintiff's claims on other grounds, I have no reason to reach this argument.

of time after this incident. (*See* No. 22-CV-3864, ECF No. 20 at 22–23.) The plaintiff cannot raise claims against the MDC personnel because they are not named as defendants in this action. If the plaintiff seeks monetary damages based on this conduct, he must file a separate complaint.[6]

### V. Claims Regarding the Plaintiff's Criminal Case

The plaintiff also asks this Court to dismiss the criminal case pending against him. This Court cannot interfere with pending criminal proceedings. Instead, the plaintiff should file an interlocutory appeal to the Second Circuit. *See United States v. Gold*, 790 F.2d 235, 238–39 (2d Cir. 1986) (permitting interlocutory appeals of commitment orders under 18 U.S.C. § 4241(d)(1) because such an "order of commitment has a sufficient degree of importance to warrant immediate review"). The plaintiff may also appeal the final disposition of his criminal case in due course.

### VI. The Plaintiff's Motion for Summary Judgment

Although titled as a "Response in Opposition re . . . Motion to Dismiss," one of the plaintiff's filings requests "summary judgment" in his favor. (*See* No. 22-CV-7208, ECF No. 18 (capitalization altered).) Because the plaintiff's complaints are dismissed, any motion for summary judgment must be dismissed as moot.

---

[6] Because Judge Seybert ordered the government to transfer the plaintiff to a treatment facility, any injunctive relief would be moot. (No. 16-CR-369, ECF No. 134 at 1–2.)

9

## CONCLUSION

The defendants' motions to dismiss are granted. The cases listed in the caption are dismissed with prejudice. The Clerk of Court is respectfully requested to close these cases and mail a copy of this Order to the plaintiff at the address listed on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                      s/Ann M. Donnelly

                      ANN M. DONNELLY
                      United States District Judge

Dated: Brooklyn, New York
      September 13, 2023