UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
:
**TRENDELL WALKER**,
:
                Plaintiff,
:
                            **MEMORANDUM DECISION AND ORDER**
    – against –
:
                            22-CV-03864 (AMD) (ST)
:
**UNITED STATES OF AMERICA,** *et al.*,
:
                Defendants.
:
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* plaintiff brought this lawsuit alleging that the defendants tampered with a search warrant, falsely arrested him, subjected him to unlawful imprisonment and malicious prosecution, conspired to assassinate a district court judge and committed multiple violations of U.S. antitrust, copyright and patent laws. On September 13, 2023, the Court granted the defendants' motions to dismiss. Before the Court is the plaintiff's "Omnibus Motion for Appeal," which the Court construes as a motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). For the following reasons, the motion is denied.

## BACKGROUND

      The defendant was charged with murder, assault with a dangerous weapon, discharge of a firearm during a crime of violence, conspiracy to distribute controlled substances, distribution of cocaine base, and use of firearms during a drug trafficking crime. (ECF No. 28 at 3.) Judge Joanna Seybert denied the plaintiff's motion to suppress the evidence recovered during the execution of a search warrant, and the plaintiff, who was represented by counsel, pled guilty to the murder charge. (*Id.*) Subsequently, the plaintiff, proceeding *pro se*, filed another motion to suppress the evidence from the search and to withdraw his guilty plea, claiming that his attorney

coerced him into pleading guilty. (*Id.*) On May 5, 2021, Judge Seybert denied the plaintiff's motions and adjourned the case for sentencing. (*Id.*)[1]

On September 10, 2021, the plaintiff filed a *pro se* complaint in New York Supreme Court, Suffolk County, alleging claims in connection with the pending federal case. (*Id.* at 2.) The plaintiff named as defendants the United States, judges on the Eastern District, former United States Attorneys, Assistant United States Attorneys, a federal task force officer from the United States Department of Homeland Security and former defense counsel. (*Id.*) The plaintiff alleged, among other things, that the defendants tampered with the search warrant, falsely arrested him, subjected him to unlawful imprisonment and malicious prosecution, conspired to assassinate a district court judge and committed multiple violations of U.S. antitrust, copyright and patent laws. (*Id.*) The plaintiff sought $999,000,000,000 in damages. (*Id.*) He filed a first and then a second amended complaint, alleging essentially the same claims. (*Id.*) On June 30, 2022, the defendants removed the case to this Court. (*Id.*)

On August 3, 2022, the plaintiff filed another complaint in the New York Supreme Court, Suffolk County, which the defendants also removed to this Court. (*Id.*) On December 8, 2022, the Court consolidated the two cases. (*Id.*) The defendants moved to dismiss the consolidated action under Federal Rules of Civil Procedure 12(b)(1) and (b)(6) for lack of subject matter jurisdiction and for failure to state a claim. (ECF Nos. 11, 13.)

The Court granted the motions to dismiss on September 13, 2023. (ECF No. 28.) On October 1, 2023, the plaintiff filed an "Omnibus Motion" requesting "an entry of order pursuant to Federal Rule of Civil Procedure 50(b); to amend or make additional factual findings under

---

[1] On July 19, 2023, Judge Seybert found that the defendant was "not competent to proceed" and ordered the government to hospitalize him for four months "in an effort to restore his competency to proceed." (*Id.*)

2

Fed. R. Civ. P. 52(b); to alter or amend the judgment under Fed. R. Civ. P. 59; for a new trial under Fed. R. Civ. P. 59; for relief under Fed. R. Civ. P. 60." (ECF No. 32 at 2.)

## LEGAL STANDARD

The plaintiff's *pro se* motion for reconsideration is "liberally construed to raise the strongest arguments that it suggests." *Kates v. New York State*, No. 20-CV-6593, 2021 WL 4519801, at *2 (W.D.N.Y. Oct. 4, 2021) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)).

Federal Rule of Civil Procedure 59(e) "provides for a broad request for reconsideration of the judgment itself." *Panton v. United States*, No. 89-CR-346, 2010 WL 5422293, at *2 (S.D.N.Y. Dec. 23, 2010). A Rule 59(e) motion "may be granted only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Yelle v. Mount St. Mary Coll.*, No. 18-CV-10927, 2021 WL 311213, at *2 (S.D.N.Y. Jan. 29, 2021) (internal quotation marks omitted), *aff'd*, No. 21-480-CV, 2022 WL 1715979 (2d Cir. May 27, 2022). "Importantly, a Rule 59(e) motion is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (internal quotation marks omitted). "[T]he standard for granting a Rule 59(e) motion is strict, and will generally be denied." *Id.* (cleaned up). "At bottom, Rule 59(e) is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.* (internal quotation marks omitted).

## DISCUSSION

I. **Applicable Procedural Rules and Timeliness**

    a.     **Rules 50, 52, 59, and 60**

The plaintiff filed an "Omnibus Motion" requesting "an entry of order pursuant to Federal Rule of Civil Procedure 50(b); to amend or make additional factual findings under Fed. R. Civ. P. 52(b); to alter or amend the judgment under Fed. R. Civ. P. 59; for a new trial under Fed. R. Civ. P. 59; for relief under Fed. R. Civ. P. 60." (ECF No. 32 at 2.) Rules 50 and 52 do not apply. *See Cordero v. Miller*, No. 15-CV-00383, 2018 WL 4846272, at *1 (W.D.N.Y. Oct. 5, 2018) ("Rule 50(b) is inapplicable, as there has been no jury trial in this [] proceeding. Rule 52(b) likewise is inapplicable because this matter was not tried on the facts without a jury or with an advisory jury in federal court.") The petitioner also makes two requests under Rule 59—for a new trial and for reconsideration of the judgment. Rules 59(a) and 59(c) do not apply in this case, because there was no trial. *See id.* ("Petitioner also cites Rules 59(a) and 59(c) of the Federal Rules of Civil Procedure. Rule 59(a) does not apply because, again, there was no trial in this federal [] proceeding. Rule 59(c) also does not apply because it pertains to a motion for a new trial under Rule 59(a), which, as previously stated, is inapplicable here."); *Panton v. United States*, No. 89-CR-346, 2010 WL 5422293, at *2 (S.D.N.Y. Dec. 23, 2010) (construing a *pro se* motion brought under Rules 52 and 59 as pursuant to Rule 59(e) because the plaintiff "fails to dispute facts in the record" and his arguments are "purely legal in nature").

Accordingly, the Court construes the plaintiff's "Omnibus Motion" as a motion for reconsideration under Rules 59(e) and 60(b).

    b.     **Timeliness**

"[A] pro se plaintiff must comply with court orders and relevant procedural laws. *Clemmons v. Comm'r of Soc. Sec.*, No. 11-CV-1645, 2011 WL 6130926, at *8 (E.D.N.Y. Dec. 8,

4

2011) (first citing *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir.2011); and then citing *Olle v. Columbia Univ.*, 332 F. Supp. 2d 599, 607 (S.D.N.Y. 2004)). Pursuant to Local Rule 6.3, "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in [] a judgment, within fourteen (14) days after the entry of the judgment." Accordingly, the plaintiff had to file a motion for reconsideration under Rule 60 by September 28, 2023—fourteen days after judgment was entered on September 14, 2023 in this case. (*See* ECF No. 29.) Although the plaintiff signed and dated the motion as October 1, 2023, he did not file the motion with the Court until October 13, 2023. (ECF No. 32.) In an abundance of caution, the Court adopts October 1, 2023 as the date of filing. *See Harrison v. Harlem Hospital*, 364 F. App'x 686, 687 (2d Cir. 2010) (holding *pro se* inmate plaintiff's Rule 59(e) motion timely filed where accompanied by an affidavit from plaintiff indicating he gave it to prison officials on last date on which to file motion for reconsideration). Even using that date, however, the motion under Rule 60(b) was untimely because it was not filed by September 28, 2023.

Rule 59(e), on the other hand, provides that a litigant may file a motion within "28 days after the entry of judgment." Accordingly, the Court evaluates the plaintiff's motion for reconsideration under the 59(e) standard—whether the movant has demonstrated an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Yelle*, 2021 WL 311213, at *2.

5

## II. The Plaintiff's Arguments

### a. Claims against the United States

This Court dismissed the plaintiff's claims against the United States because the United States has sovereign immunity. (ECF No. 28 at 5.) The plaintiff argues that sovereign immunity does not apply to his claims because "[t]he doctrine was originally based on the maxim 'the King can do no wrong,'" and "[t]his rational is inapplicable in the United States since it was rejected in the Declaration of Independence." (ECF No. 32 at 5.) He also cites *Nevada v. Hall*, 440 U.S. 410, 415 (1979), in which the Supreme Court held one State could not assert immunity from a lawsuit in the court of another State. In any event, that case was overruled in 2019, by *Franchise Tax Bd. of California v. Hyatt*, 587 U.S. 230, 236 (2019). Accordingly, the plaintiff has not established "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Yelle*, 2021 WL 311213, at *2. As this Court previously explained in its order, a plaintiff may not sue the United States unless it has waived its sovereign immunity, and it has not done so with respect to constitutional tort claims. *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994).

### b. Claims against Judges, Former United States Attorneys, and Assistant United States Attorneys

This Court dismissed the plaintiff's claims against the judges and prosecutors because they have absolute immunity from suits premised upon actions taken within the scope of their duties. (ECF No. 28 at 5–6.) The plaintiff argues that judges are liable under *Bivens* if they act in the absence of all jurisdiction, and that the judges here acted without the plaintiff's "authority" or "sanction," "which deprives the courts of subject-matter jurisdiction to hear the prosecution." (ECF No. 32 at 7.) The plaintiff does not assert any plausible claim suggesting that the judges

6

did not have jurisdiction or acted outside their judicial capacity. *See Brik v. McFarland*, No. 23-CV-3507, 2023 WL 4274268, at *4 (E.D.N.Y. June 29, 2023).[2]

### c. Claims against Homeland Security and Defense Counsel

The Court dismissed the plaintiff's allegations of false arrest, false imprisonment, abuse of process, and unlawful search as time-barred. (ECF No. 28 at 6–8.) In his motion for reconsideration, the plaintiff repeats claims that the Court already considered and rejected—that the defendants forged a magistrate judge's signature on a warrant and conspired to assassinate a district court judge. (ECF No. 32 at 8–12.) "[A] Rule 59(e) motion is not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple." *Yelle*, 2021 WL 311213, at *2.

The plaintiff argues that that the Court should not have dismissed his malicious prosecution claim "even if [he] could not demonstrate favorable termination," because his "guilty plea alone establishes fruit of poisonous tree." (ECF No. 32 at 12.) The plaintiff cites Judge Raymond Dearie's order in *Houston v. City of New York*, No. 06-CV-2094, 2013 U.S. Dist. LEXIS 44939, *11–12 (E.D.N.Y. Mar. 28, 2013), but that case supports dismissal of the plaintiff's claims. Judge Dearie held that "[s]ince [the] plaintiff [was] still incarcerated following his guilty plea[,] . . . he [could not] demonstrate the requisite favorable termination," and even if he could, "his guilty plea establishes probable cause." *Id.* Thus, the plaintiff has not established "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Yelle*, 2021 WL 311213, at *2.

---

[2] The plaintiff does not address the Court's dismissal of the claims against prosecutors.

7

### d. Remaining Claims

The Court dismissed the plaintiff's claims about the conditions of confinement in the Metropolitan Detention Center ("MDC") because he did not name MDC personnel as defendants in the action. (ECF No. 28 at 9–10.) In his motion, the plaintiff reiterates that he was stabbed in the MDC and that corrections officers unlawfully held him in solitary confinement for an extended period of time. (ECF No. 32 at 16–17.) This argument does not satisfy the standard under Rule 59(e) for reconsideration.

The Court also denied the plaintiff's request to dismiss the criminal case against him and dismissed the plaintiff's summary judgment motion as moot. (ECF No. 28 at 9.) The plaintiff renews these requests (ECF No. 32 at 17–20) but does not establish that he is entitled to relief under Rule 59(e).

## CONCLUSION

For these reasons, the plaintiff's motion for reconsideration is denied. The Clerk of Court is respectfully requested to mail a copy of this Order to the plaintiff at the address listed on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

          s/Ann M. Donnelly

          ANN M. DONNELLY
          United States District Judge

Dated: Brooklyn, New York
       May 14, 2024